**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARJORIE YOUNG,                               )     CASE NO. CV 11-02616  RZ
                                              )
                    Plaintiff,                )
                                              )     MEMORANDUM OPINION
          vs.                                 )     AND ORDER
                                              )
MICHAEL J. ASTRUE, Commissioner of            )
Social Security,                              )
                                              )
                    Defendant.                )
_____)

          This matter comes before the Court on the application of Plaintiff Marjorie
Young for review of the decision by the Social Security Commissioner denying her
application for Supplemental Security Income.

          Plaintiff's first argument for reversal is that the Administrative Law Judge did
not supply adequate reasons for rejecting the back-pain-related limitation findings of the
treating physician, Dr. Isagani Abueg. [*See* AR 173-75] Although the treating physician's
opinion is given deference, the Administrative Law Judge may reject that opinion in favor
of a conflicting opinion of a non-treating physician if the Administrative Law Judge makes
"findings setting forth specific, legitimate reasons for doing so that are based on substantial
evidence in the record." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

          The ALJ's first basis for rejection was that the treating physician's assessment
"is not supported by the appropriate objective findings or clinical evidence." [AR 14]
Plaintiff faults the ALJ, specifically, for allegedly asserting that "the only finding upon

1  which Dr. Abueg based his assessment was that Ms. Young suffered from lumbar disc
2  disease at L5-S1 with facet arthropathy, and that finding was allegedly supported by a
3  single CT scan from March 2006 ([AR] 14, 202)." Mem. at 9.  Plaintiff mischaracterizes
4  what the ALJ said.  The ALJ explained as follows:

6          the only finding that Dr. Abueg gives for her [*sic*; the Court
7          understands Isagani to be a  male's given name] assessment is
8          lumbar disc disease at L5-S1 with facet arthropathy.  However,
9          although the claimant may have a history of [that condition], the
10         most recent CT of the lumbar spine from March 2006 showed
11         only mild degenerative disc disease with no stenosis or nerve
12         root impingement.   The lumbar spine x-rays taken at the
13         orthopedic consultative examination in January 2008 showed no
14         evidence of any significant degenerative changes.  The claimant
15         has not had a lumbar spine MRI since the alleged onset date
16         secondary to missing her appointments.   Even Dr. Abueg
17         reported in December 24, 2007 questionnaires that [although]
18         the claimant has limited range of motion of the lumbar spine and
19         positive straight leg raising on the left side from the supine
20         position, [she had] normal gait, no motor weakness, and no
21         atrophy.   Dr. Abueg also found no disorganization of motor
22         function, limitation in use of the upper extremities or need to use
23         an assistive device.

25 [AR 14]  Plaintiff implies that the ALJ failed to consider her straight-leg-raise results, but
26 the foregoing quotation shows otherwise (although the ALJ did not specifically mention
27 one of those results that Plaintiff does mention, namely the one on February 28, 2006 [AR
28 141]).  Thus far, Plaintiff's argument is unpersuasive.

Second, as noted in the excerpt above, the ALJ asserted that Dr. Abueg's findings clashed with a lumbar spinal x-ray taken in January 2008 for consulting orthopedic examiner, Dr. Augustine Conduah.  That x-ray showed "no evidence of any significant degenerative changes, anterior or retrolisthesis." [AR 162] That negative result certainly supports the ALJ's conclusion.  But Plaintiff correctly points out (Mem. at 10) that "the ALJ neglected to mention" another x-ray, in July 2008, that showed "[d]egenerative changes are present in the mid thoracic spine." [AR 220] Perhaps the ALJ overlooked this later x-ray because Plaintiff's complaint at that visit was vertigo, not back pain, but overlook it he did.  In a case involving a strange progression of radiographic results – first a mildly positive MRI in 2006, then a negative x-ray in January 2008, and finally a positive x-ray in July 2008 – it is certainly possible that the ALJ's failure to consider (or, at least, to discuss) the most recent result may have affected his decision. Remand is warranted.

Because the foregoing issue requires remand, the Court does not address Plaintiff's second argument, namely that the ALJ improperly discounted her credibility. On remand, however, the ALJ may wish to consider Plaintiff's argument (*see* Mem. at 14-15) that he was mistaken in asserting, as one basis for doubting Plaintiff, that she "only takes Ibuprofen for her back pain." [AR 15] Plaintiff cites numerous portions of the record reflecting her taking Flexeril, a muscle relaxant, and tramadol, a synthetic opioid typically prescribed for moderate to severe pain – although some of those portions may be photocopies of other portions.

In accordance with the foregoing, the decision is reversed.  The matter is remanded to the Commissioner for appropriate further proceedings.


DATED:  January 30, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE